IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS RAY HAMMONDS, ) | | |
| ID # 33989-077, ) | | |
|         Movant, ) | | No. 3:10-CV-2639-L (BH) |
| vs. ) | | No. 3:03-CR-0120-L (01) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|         Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Douglas Ray Hammonds ("Movant"), an inmate in the federal prison system, filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") under 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:03-CR-0120-L. The respondent is the United States of America ("Government").

On April 22, 2003, Movant was charged with coercion and enticement of a minor to engage in sexual activity (count 1), the transportation of obscene material to minors (count 2), and the importation or transportation of obscene matters (count 3), in violation of 18 U.S.C. §§ 1462, 1470, and 2422(b). (*See* doc. 1).[1] On October 9, 2003, he pled guilty to all three counts. (*See* doc. 16). He was sentenced to 54 months of imprisonment, to be followed by a three-year term of supervised release on January 8, 2004. (*See* docs. 18, 19). After Movant pled true to a petition alleging that he violated the conditions of his supervised release on January 19, 2010, his supervised release was revoked, and he was sentenced to 5 months to be followed by a 31-month term of supervised release

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:03-CR-120-L.

on count one, and to ll months with no term of supervised released on counts on counts two and three, all to be served concurrently. (*See* doc. 45).

On that date, Movant's supervised release in Cause No. 4:99-cr-038-L was also revoked. In that case, Movant had pled guilty to theft of mail and received three years' probation. His probation was revoked on February 5, 2003, and he was sentenced to 28 months in prison, followed by a 3-year term of supervised release. (*See* No. 4:99-cr-038-L, doc. 45). For the revocation of this term of supervised release, he was sentenced to 24 months in prison to run consecutively to the sentence in No. 3:03-cr-120-L, with no term of supervised release. (*Id.*, doc. 55).

Movant did not directly appeal the revocation of his supervised release in either case. In his motion to vacate, received on December 28, 2010, Movant claims that his attorney was ineffective at the revocation hearing for failing to object to the imposition of 31 months of supervised release on count 1 in No. 3:03-cr-120-L.

## II. INEFFECTIVE ASSISTANCE

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). To show prejudice in the sentencing context, the movant must demonstrate that the alleged

2

deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant argues that the imposition of a 31-month term of supervised release to be served after his 35-month prison term is impermissible under 18 U.S.C. § 3583(e)(3) or 18 U.S.C. § 3583(h). He relies on *United States v. Vega*, 542 F.3d 457 (5th Cir. 2008) (Mem. at 10) in support. In *Vega*, the Fifth Circuit held that under § 3583(h), where there have been multiple revocations of supervised release, the maximum allowable supervised release must be reduced by the aggregate length of any terms of imprisonment previously imposed upon previous revocations. *Id*. at 460-61.

Movant's alleged 35-month prison term represents the total of his sentences after his supervised release was revoked in two separate cases. He was originally convicted in count 1 in Cause No. 3:03-cr-120-L of coercing and enticing a minor to engage in sexual activity. Because the maximum punishment for this offense is twenty years, *see* 18 U.S.C. § 2422(a), it is a Class C felony.[2] Under 18 U.S.C. § 3583(b)(2), the authorized term of supervised release for a Class C felony is three years, which is what Movant originally received for this conviction. Upon revocation

---

[2]A Class C felony is defined as having a maximum term of imprisonment of less than twenty-five years but more than ten years. 18 U.S.C. § 3559(a)(3).

3

of a term of supervised release for a Class C felony, a defendant cannot be sentenced to more than two years in prison. *See* 18 U.S.C. § 3583(e)(3). When supervised release is revoked and a term of imprisonment is imposed, the court may include a requirement that a defendant be placed on a term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this new term of supervised release cannot exceed the term of supervised release authorized by statute, less any term of imprisonment imposed after the revocation. *Id*. Here, after the revocation, Movant was sentenced to 5 months imprisonment to be followed by thirty-one months of supervised release on count 1. (*See* doc. 45). Because he was sentenced to less than two years of imprisonment upon his revocation, and his new term of imprisonment plus the term of supervised release did not exceed the three-year term of supervised release authorized by statute for Class C felonies, the sentence did not violate the provisions set forth in either 18 U.S.C. § 3583(e)(3) or 3583(h).

As for Cause No. 4:99-cr-38-L, Movant was only sentenced to 24 months in prison, to run consecutively to his sentences in the other case. Because the district court did not sentence him to any period of supervised release after this revocation, it did not err by failing to consider any prior period of post-revocation imprisonment in assessing a term of supervised release.

Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive sentences when revoking supervised release, even where the original terms of supervised release were served concurrently. *United States v. Gonzalez*, 250 F.3d 923, 926-27 (5th Cir. 2001). The total of 35 months in prison, followed by 31 months of supervised release, results from Movant's multiple convictions, not a violation of the statutory guidelines concerning supervised release. Because his sentences do not violate any statutory guidelines, his attorney was not ineffective for failing to object to the sentences (or terms of supervised release) imposed by the Court.

## III. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV. RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED this 9th day of February, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE