IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOUGLAS RAY HAMMONDS**, § | | |
| **ID # 33989-077**, § | | |
| § | | |
| Movant, § | | |
| v. § | No. **3:10-CV-2639-L** | |
| § | **(3:03-CR-0120-L)** | |
| **UNITED STATES OF AMERICA**, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Douglas Ray Hammonds's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence, filed December 28, 2010. Magistrate Judge Irma Carrillo Ramirez entered her Findings, Conclusions, and Recommendation ("Report") on February 9, 2011, with respect to the motion. Movant filed objections to the Report on February 18, 2011.

This action, brought pursuant to 28 U.S.C. § 2255, challenges Movant's criminal convictions for enticement of a minor (count one), transporting obscene material to minors (count two), and the transportation of obscene matters (count three), in violation of 18 U.S.C. §§ 1462, 1470, and 2422(b). He pled guilty to all three counts on October 9, 2003, and was sentenced to 54 months of imprisonment followed by a three-year term of supervised release. On January 19, 2010, his supervised release was revoked, and he was sentenced to five months of imprisonment followed by a 31-month term of supervised release on count one. He was additionally sentenced to 11 months of imprisonment followed by no term of supervised release on counts two and three, all to be served concurrently with count one. On the same date, Movant also had his supervised release revoked in another criminal case, for which he had previously pled guilty to theft of mail. For his revocation

in that case, he was sentenced to 24 months of imprisonment followed by no term of supervised release, to run consecutively to the 11 months of imprisonment imposed by the other revocation.

Movant contends that he received ineffective assistance from his counsel due to his attorney's failure to object to the court's imposition of the 31-month term of supervised release. He argues that the imposition of a 31-month term of supervised release to be served after his 35-month prison term is impermissible under 18 U.S.C. § 3583(e)(3) or 18 U.S.C. § 3583(h) because the total combined term of imprisonment and supervised release cannot exceed the maximum amount of supervised release authorized by statute (which here, is three years). The magistrate judge concluded that the court did not err in imposing the 31-month term of supervised release because it only imposed supervised release with respect to count one, in which the court sentenced Movant to a five-month prison term and a 31-month supervised release term. The total sentence was 36 months, or three years, as authorized by the statute. No period of supervised release was imposed on the other counts for which Movant had his supervised release revoked.

Under 18 U.S.C. § 3584(a), a district court has discretion to impose consecutive sentences when revoking supervised release, even when the original terms of supervised release were served concurrently. *United States v. Gonzalez*, 250 F.3d 923, 926-27 (5th Cir. 2001). The court agrees with the magistrate judge in that the total of 35 months in prison followed by 31 months of supervised release results from Movant's multiple convictions, rather than a violation of the statutory guidelines. Because Movant's sentence does not violate any statutory guidelines, Movant's attorney was decidedly not ineffective for failing to object to the court's sentences or terms of supervised release.

Movant nevertheless requests that the court overrule the magistrate judge's findings because he was "never made aware" that a court could impose consecutive sentences on separate revocations of supervised release. He contends that, had he known this, he would not have pled guilty to the charges against him in the first place. The court rejects Movant's arguments because, even if Movant did not know that the court had such discretion, Movant's position is fundamentally flawed. The only way that such knowledge would have been a factor in Movant's decision to plead guilty is if Movant anticipated well in advance, and actually intended, to violate any term of supervised release imposed by the court. The court finds this proposition to be totally without merit. Generally, defendants who choose to enter guilty pleas accompany their pleas with an express or implicit resolve to cease any future engagement in criminal conduct. Such a resolve, if seriously acted upon, would obviate any need for a revocation of supervised release. Accordingly, knowledge that the court could impose consecutive sentences with respect to multiple revocations would have had no practical effect on Movant's decision to plead guilty. In any event, Movant has shown no prejudice from his counsel's failure to inform him of this possibility because there is nothing in the record to even remotely indicate that Movant would have acted any differently while he was on supervised release. It was Movant's own conduct while on supervised release that resulted in the court revoking it. Movant's objections are overruled.

Having reviewed the motion, filings, record, objections, and Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court accordingly **denies** Movant's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 24th day of February, 2011.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion and Order – Page 4**